**Shenoa L. Payne,** OSB No. 084392
**SHENOA PAYNE ATTORNEY AT LAW PC**
805 SW Broadway, Ste 407
Portland, Oregon 97205
Phone: (503) 517-8203
spayne@paynelawpdx.com

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANITA NOELLE GREEN,** an individual,<br><br>    Plaintiff,<br>v.<br><br>**MISS UNITED STATES OF AMERICA, LLC**, a Nevada limited liability corporation, d.b.a. United States of America Pageants;<br><br>    Defendants. | Case No.:  3:19-cv-02048<br><br>**COMPLAINT**<br><br>Gender-Identity Discrimination (ORS 659A.403)<br><br>DEMAND FOR JURY TRIAL |

    Plaintiff alleges as follows:

**INTRODUCTION**

    1.    Beauty pageants provide females opportunities for academic and professional success locally, nationally, and internationally.  Although criticized historically for objectifying women, pageants have developed over history to primarily empower women.  Although comparisons of beauty and femininity remain central to the theme of pageants, pageants offer the women who participate in them significant benefits, such as confidence building, team-building, public-speaking skills, community service, and scholarship and professional opportunities.  It is

Page 1 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

for these reasons that plaintiff began participating in pageant life in 2017, when she became the first transgender contestant in the Miss Montana USA pageant, and the third transgender contestant in the Miss Universe pageant program. Plaintiff has continued participating in pageants, earning the title of 2019 Miss Earth Elite Oregon and participating in the Miss Earth Elite National pageant.

2. Unfortunately, however, plaintiff was excluded from participating in defendant's pageant program due to an express discriminatory eligibility policy requiring contestants to be "natural born female." This policy, intentionally designed to exclude the specific class to which plaintiff belongs – transgender females – is discriminatory because it denied plaintiff the full and equal advantages and privileges of defendant's services in violation of Oregon's public accommodations law, ORS 659A.403.

## DEFINITIONS

3. **Transgender female**. A person whose gender identity as female differs from the assignment of gender at birth.

4. **Cisgender female**. A person whose gender identity as female correspondents with their assigned gender at birth.

## PARTIES

5. Plaintiff Anita Noelle Green is an openly transgender female and, absent defendant's discriminatory policies, at all relevant times qualified, and still qualifies, as a pageant contestant for defendant's pageant program. Ms. Green was and is at all relevant times a resident of Clackamas, Oregon.

:::

Page 2 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

6. Defendant Miss United States of America, LLC is a Nevada Limited Liability corporation, doing business as "United States of America Pageants." Defendant operates or manages beauty pageants for females throughout the United States, including in Oregon. Defendant is incorporated in Nevada and its principle place of business is in Las Vegas, Nevada.

## DIVERSITY JURISDICTION AND VENUE

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). The events giving rise to this Complaint occurred in this district.

## PERSONAL JURISDICTION

9. This Court has personal jurisdiction over defendant because defendant purposefully directed its activities toward Oregon and/or purposefully availed itself of conducting activities in Oregon; plaintiff's claims arise out of or relate to defendant's forum-related activities, and the exercise of jurisdiction over defendant is reasonable.

10. Defendant committed an intentional act of discrimination by adopting an express discriminatory policy in violation of Oregon law, expressly aimed its discriminatory acts at Oregon, which defendant knew likely would cause harm in Oregon and did cause harm to plaintiff in Oregon.

11. Defendant affirmatively targeted and continues to target Oregon residents to apply to become an annual state titleholder for the State of Oregon in four divisions: "Teen, Miss, Ms., and Mrs." Defendant has a dedicated Oregon website page for "Miss Oregon" regarding how to

Page 3 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

apply with a dedicated Oregon email of Oregon@unitedstatesofamericapageants.com.

12. Defendant had and continues to have a dedicated United States of America "Miss Oregon" Facebook page. Defendant specifically targeted and continues to target Oregon residents on Facebook.

13. Defendant holds an annual pageant in Oregon each year to crown an Oregon titleholder in each division. Defendant held an Oregon pageant in the fall of 2018 and 2019 and is advertising for an Oregon pageant in October 2020.

14. Defendants' employees and/or agents directly friended plaintiff on Facebook and, via Facebook Messenger, encouraged plaintiff to participate in Oregon's 2019 pageant until defendant learned plaintiff was transgender, at which time it enforced defendant's discriminatory policy.

## FACTUAL ALLEGATIONS

### Defendant's Pageant Program

15. Defendant's pageants are designed to "encourage women to strive to achieve their hopes, dreams, goals, and aspirations, while making them feel confident and beautiful inside and out." Defendant strives to empower women, inspire others, and uplift everyone. Defendant's pageants focus on female empowerment, promoting positive self-image and advocating a platform of community service. Defendant's pageants also promote community and "sisterhood" among pageant participants.

16. Defendant offers a prize package for the winner of the Oregon pageant in each division, including but not limited to entry into the national pageant (valued at over $2000), along with gear, equipment, and other prizes.

Page 4 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

17.     Defendant's pageant program offers women the opportunity to boost their confidence, improve their public speaking skills, have a voice in a public forum, gain public and media exposure, engage in social and civic benefits, build their resume, earn scholarships, and travel.

### Defendant is a Place of Public Accommodation Under Oregon Law

18.     Defendant is a business or commercial enterprise. Defendant is in the business of advertising and charging contestants to participate in pageants.

19.     Defendant is a place or service that offers privileges or advantages to the female public by providing opportunities for exposure to the public, civic and social benefits, speaking platforms, personal achievement, confidence building, resume fodder, scholarships, media exposure, and travel.

20.     Defendant is not in its nature distinctly private. Other than defendant's discriminatory policy excluding transgender females, all United States citizens and residents who are females over the age of 13 and who have never posed nude may compete in a pageant division. Defendant's pageants in Oregon are open to all women who live, work, or learn in Oregon. This is such a large segment of the female population that defendant's rules and qualifications are so unselective that defendant can fairly be said to offer its services to the public and is *de facto* open to the public.

### Defendant's Discriminatory Policy

21.     Defendant's express eligibility qualifications require that participants must be a "natural born female" to compete in defendant's pageants. Defendant's discriminatory policy

Page 5 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

applies to all divisions – Teen, Miss, Ms., and Mrs.

22. Defendant intentionally enacted this policy to exclude and prevent transgender females from participating in defendant's pageants and receiving the full and equal privileges and advantages of defendant's services.

23. Defendant's policy has no legitimate purpose other than to exclude and discriminate against transgender females. Transgender females gain no physical or other advantage in beauty pageants, including defendant's pageant program.

24. In fact, even though other pageant programs include transgender females, transgender females competing in such pageants have continued to struggle to gain achievements and equality, and to be viewed as equally feminine and as beautiful as their cisgender peers. For example, the Miss Universe pageant franchise ended its ban on transgender contestants in 2012; however, there has been only one transgender titleholder in the entire world – Miss Universe Spain.

25. Despite defendant's stated policy that its pageants are "natural," defendant does not strictly enforce this policy and has no rules against contestants altering their physical bodies in any manner. Thus, the "natural born female" rule is not targeted at preventing surgical enhancements. Rather, it is intended only to exclude, and is enforced only against, a specific class of individuals – transgender females.

26. Defendant's policy on its face is impossible to actually enforce, as it ignores that biological sex is not binary (only male or female), and sex assignment at birth is not conclusive evidence of the sex of a child because components of biological sex are more complex than external genitals and includes chromosomes, genes, hormones, internal genitalia, gender identity,

Page 6 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

and secondary sex characteristics.

## Plaintiff's Participation in Pageants

27. On or about September 2017, plaintiff was the first openly transgender contestant in the Miss Montana USA pageant and the third openly transgender contestant ever to compete in a Miss Universe pageant program. Plaintiff's experience in the Miss Montana USA pageant was positive, and she participated in the pageant again in 2018.

28. Plaintiff is the 2019 Oregon Miss Earth Elite titleholder and in June 2019, competed in the 2019 National Miss Earth Elite pageant in Las Vegas, Nevada.

29. For plaintiff, participating in beauty pageants affirms her identity as a woman. Plaintiff participates in pageants because they contribute to her sense of femininity and beauty. However, pageants are much more than just competing on a stage with other women. Plaintiff participates in pageants because they play a vital role in boosting her confidence, improving her public speaking skills, making her feel heard, giving her a public platform in which to discuss important social issues, and allowing her to be a positive and inspiring example to all women.

## Defendant's Discrimination Against Plaintiff

30. On or about December 2018, defendant, by and through its National Director, Tanice Smith, sent a friend request to plaintiff on Facebook. Plaintiff accepted.

31. On or about December 20, 2018, plaintiff contacted Ms. Smith via Facebook Messenger and inquired about participating in defendant's pageants. Ms. Smith acknowledged that plaintiff was an Oregon resident and invited plaintiff to participate in the 2019 Oregon pageant.

:::

Page 7 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

32. Plaintiff then asked for a link to the pageant's rules. After viewing the rules, which expressly require contestants to be "natural born females," plaintiff disclosed to Ms. Smith that plaintiff is transgender.

33. At that point, Ms. Smith informed plaintiff that defendant's pageant is a "natural" pageant and that she would be happy to help plaintiff find another pageant program for which she qualified. Plaintiff asked if defendant would be willing to change their policy, and Ms. Smith represented that defendant would not.

34. On or about January 19, 2019, plaintiff submitted an entry fee and application for the "Miss" Division of defendant's pageants. Defendant immediately rejected plaintiff's application and refunded plaintiff's entry fee.

### Injury

35. Defendant's unlawful conduct injured plaintiff and denied her full and equal advantages and privileges in defendant's pageant program. Defendant's unlawful acts have caused plaintiff significant noneconomic damages in the form of mental and emotional distress.

36. Unless enjoined, defendant will continue to engage in the unlawful acts of discrimination described above. Plaintiff has no adequate remedy at law. Therefore, plaintiff is entitled to injunctive relief.

### CLAIM FOR RELIEF
### Gender-Identity Discrimination
### ORS 659A.403

37. Plaintiff realleges each and every paragraph above and incorporates them herein.

38. Defendant is a place of public accommodation, as that term is defined in ORS 659A.400.

Page 8 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

39. Defendant unlawfully discriminated against plaintiff on the basis of plaintiff's gender identity by denying plaintiff the full and equal advantages and privileges of defendant's services.

40. Plaintiff's gender identity was the sole or motivating factor of defendant's unlawful conduct.

41. Defendant's conduct has caused plaintiff noneconomic damages pursuant to ORS 659A.885.

42. Plaintiff remains qualified and, absent the discriminatory policy, intends to participate in defendant's pageant program. Plaintiff therefore is entitled to injunctive relief.

43. Pursuant to ORS 659A.885 and ORS 20.107, plaintiff is entitled to her reasonable attorney fees, costs, expert witness fees, and disbursements incurred in prosecuting this claim.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court provide trial by jury on all claims triable by jury and a judgment providing the following relief:

1. Declaring defendant's policy unlawful and in violation of ORS 659A.403;

2. Awarding plaintiff her noneconomic damages in an amount to be determined at trial;

3. Awarding plaintiff her reasonable attorney's fees, costs, expert witness fees, and disbursements;

4. An order that:

    a. Requires defendant to removes its discriminatory eligibility policy regarding "natural born females";

Page 9 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com

  b.  Requires defendant to cease discrimination and exclusion of transgender females; and

  c.  Requires training of all employees and/or agents on compliance with Oregon public accommodations law.

5.  Awarding plaintiff pre-judgment interest on all damages at the highest rate allowed by law; and

6.  Granting such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff demands trial by jury in this action on all issues triable by a jury.

DATED this 17th day of December, 2019.

        SHENOA PAYNE ATTORNEY AT LAW, P.C.

        By: *s/ Shenoa L. Payne*
          Shenoa L. Payne, OSB No. 084392
           805 SW Broadway, Ste 470
           Portland, Oregon 97205
           (503) 517-8205
           spayne@paynelawpdx.com

         *Attorney for Plaintiff*

Page 10 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
805 SW BROADWAY, SUITE 407
PORTLAND, OR 97205
(503) 517-8203/ (503) 296-2296
www.paynelawpdx.com